IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSVALDO VALDEZ and<br>ESMERALDA SANCHEZ DE VALDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>SUBZERO CONSTRUCTORS, INC.;<br>MARIO ZUNIGA; SOUTH COAST<br>BANKING, CO.; CROSSLAND<br>HOLDING CO. LLC; CROSSLAND<br>CONSTRUCTION COMPANY, LLC;<br>and UNITED RENTALS, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:14-CV-4306-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court are the following motions:

Plaintiffs' Motion to Remand, filed January 6, 2015;
Defendants Mario Zuniga ("Zuniga") and Subzero Constructors, Inc.'s ("Subzero") Traditional Motion for Summary Judgment, filed January 22, 2015;
Defendants Mario Zuniga and Subzero Constructors, Inc.'s Motion to Dismiss and For Sanctions, filed January 22, 2015;
Defendant United Rentals (North America), Inc.'s Motion to Transfer Avenue, filed February 2, 2015; and
Defendants Crossland Holding Co., LLC and Crossland Construction Company, Inc.'s Rule 12 Motion to Dismiss and, In the Alternative Motion to Transfer Venue, filed February 2, 2015.

The court, for the reasons herein stated, **grants** Plaintiffs' Motion to Remand. As this action is being remanded to state court, the court **declines** to address the remaining motions.

**I.     Background**

Plaintiffs Osvaldo Valdez and Esmeralda Sanchez De Valdez ("Plaintiffs") originally filed this action in the 430th Judicial District Court of Hidalgo County, Texas, on May 23, 2014. The

**Memorandum Opinion and Order – Page 1**

action arises from an alleged injury Osvaldo Valdez suffered while at a job site when he was struck by a forklift that was being operated by another worker. Defendants Zuniga and Subzero removed the action from the 430th Judicial District Court to this court on December 8, 2014. *See* Defs.' Not. of Removal. Zuniga and Subzero contend that this court has removal jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Plaintiffs counter that action was "improvidently and improperly removed without any statutory or regulatory authority directly to Federal Court in the Northern District." Pls.' Mot. to Remand 1. Plaintiffs also contend that the removal to federal court was untimely, that the action cannot be removed because it arises under the Workers Compensation Act of the State of Texas, that Defendants have not established that complete diversity of citizenship exists between the parties, and that the action was removed in violation of the local or in-state defendant rule.

The court need not address all arguments raised by Plaintiffs, as it determines that it lacks subject matter jurisdiction because complete diversity of citizenship between the parties has not been established. Alternatively, even if subject matter jurisdiction exists, this action was removed to the wrong district and division and, therefore, must be remanded.

## II. Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent

jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

As Plaintiffs assert lack of diversity of citizenship of the parties as the reason that the court lacks subject matter jurisdiction, the court will focus on that prong of the standard. Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and

**Memorandum Opinion and Order – Page 3**

distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold. In this instance, Zuniga and Subzero as the removing defendants have the burden to establish that complete diversity exists between the parties.

Earlier today, the court granted Defendants Mario Zuniga and Subzero Constructors, Inc.'s Motion for Leave to Amend Their Notice of Removal. Although Zuniga and Subzero do not believe that deficiencies exist in their Original Notice of Removal, they filed the motion because they wanted "to err on the side of caution." Amended Not. of Removal 2. The Amended Notice of Removal ("Amended Notice"), however, remains deficient with respect to the allegations regarding the citizenship of the parties.

First, nothing in the Plaintiffs' Original Petition ("Petition") or the Amended Notice distinctly and affirmatively sets forth the citizenship of Plaintiffs. That they are "residents" of Texas does not in and of itself make them citizens of Texas, as residency and citizenship are not synonymous. Closely related to this failure is the total absence of any allegations regarding the citizenship of Zuniga. The court simply does not know Zuniga's citizenship.

Second, the allegations in the Petition and Amended Notice contain insufficient information regarding the four corporate defendants. Neither the Amended Notice nor the Petition

**Memorandum Opinion and Order – Page 5**

contains complete information regarding the states of incorporation of all the corporations and their principal places of business.

Third, the Petition and Amended Notice are wholly deficient as to any allegations relating to the limited liability company's citizenship. With respect to Defendant Crossland Holding Co., LLC, there is nothing in the record that sets forth the citizenship of all of its members.

The omissions by Zuniga and Subzero do not allow the court to determine the basis on which diversity exists. "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d 1259 (citation omitted). Because of the inadequacy of the allegations regarding diversity and the citizenship of the parties, remand is required. *Stafford*, 945 F.2d at 805.

## III.   Improper Removal

Removal to an incorrect district and division is a procedural defect. Procedurally, this action should not have been removed to the Northern District of Texas. As previously stated, a civil action pending in state court, unless Congress expressly decides otherwise, can only be removed by a defendant "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Hidalgo County is located in the Southern District of Texas, McAllen Division. 28 U.S.C. § 124(b)(7). Therefore, pursuant to this statute, the state action in the 430th Judicial Court of Hidalgo County should have been removed to the Southern District of Texas, McAllen Division. As this action was removed to the Northern District of Texas in violation of the general removal statute, remand to the state court is required.

## IV.  Conclusion

For the reasons herein stated, Zuniga and Subzero failed to carry their burden and establish that complete diversity of citizenship exists between the parties.  Accordingly, the court **lacks** subject matter jurisdiction to entertain this action and hereby **remands** it to the 430th Judicial District Court of Hidalgo County, Texas.

Alternatively, even if the court has subject matter jurisdiction, the removal of this case is procedurally defective.  Zuniga and Subzero should, as required by statute, have removed the state action to the Southern District of Texas, McAllen Division, not the Northern District of Texas, Dallas Division.  This procedural defect serves as an alternate basis for the improper removal of this action to the Northern District of Texas.  Accordingly, the court **grants** Plaintiffs' Motion to Remand and **remands** this action to the 430th Judicial District Court of Hidalgo County, Texas.

The court **declines** to address the remaining motions.  The clerk of the court shall effect this remand in accordance with the usual procedure.

**It is so ordered** this 17th day of April, 2015.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge